UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Hong Kong Juno
International Company, Ltd.,
    Plaintiff

    v.                                       Case No. 12-cv-232-SM
                                              Opinion No. 2013 DNH 008
Advanced RenewableEnergy
Company, LLC,
    Defendant

**O R D E R**

Hong Kong Juno International Company, Ltd. ("Hong Kong Juno") and Advanced RenewableEnergy Company, LLC, ("ARC") entered into an agreement under the general terms of which ARC would sell industrial sapphire crystal growing systems (furnaces) meeting certain specifications to Hong Kong Juno, and would license Hong Kong Juno's use of relevant ARC technology. After a time, Hong Kong Juno began to have some doubts about ARC's ability to perform and asked to visit its production facilities to see for itself. ARC says it was not categorically opposed, but raised a number of issues requiring negotiations, agreement, etc., before any such visit could take place. Unsatisfied, Hong Kong Juno filed this suit seeking, in the alternative, an order compelling mediation and arbitration as provided in the agreement, or, failing that, a declaration that the agreement is void or voidable.

ARC acknowledges the mediation and arbitration provisions in the agreement, and does not challenge their validity.  Rather, it seeks to avoid them, principally on grounds that, by filing this suit and seeking alternative relief, Hong Kong Juno has waived its contractual rights to mediation and arbitration.  A hearing was held, and after carefully considering the parties' memoranda and argument, the motion to compel mediation and arbitration (document no. 11) is granted.

**Discussion**

The Dispute is Subject to Mediation/Arbitration

The agreement between the parties is unambiguous in providing, in Paragraph 22, entitled "Further Assurances," that:

> At any time, and from time to time after Effective Date, each party will . . . take such additional actions as may be reasonably requested by the other party . . . to carry out the intent and purposes of this Agreement.

The agreement also provides for mediation and arbitration of disputes arising under the agreement.  Under paragraph 24.2,[1] a

---

[1] 24.2 Mediation.  Except with respect to a claim for injunctive relief, which may be maintained a set forth in Section 25, below, in the event that a party proposes to maintain a legal claim against the other party, prior to initiating arbitration proceedings with respect to such claim, the parties shall submit such claim (and all related claims and counterclaims) to non-binding mediation before a mutually agreeable mediator qualified to mediate disputes in Hong Kong.  Such mediation shall be conducted in Hong Kong within forty-five (45) days of written

party proposing to maintain a legal claim against the other is first required to submit the claim (and related claims) to non-binding mediation, within forty-five (45) days of written notice of the claim.  And, the parties agreed (paragraph 24.3[2]) that arbitration is the "sole and exclusive means of resolving any dispute under or relating to the agreement."[3]

---

notice of a claim and the principal management officers of the parties shall attend such mediation.  No arbitration proceedings shall be brought until the parties have made a bona fide and good faith effort to mediate all disputes.

[2]     24.3 Arbitration.  The parties hereby waive any right to institute a court or other dispute resolution proceeding and acknowledge that arbitration in accordance with this Article 24 is the sole and exclusive means of resolving any dispute hereunder or relating to this Agreement, except that the parties may initiate other formal proceedings to the extent necessary in order to avoid the expiration of any applicable limitations period, or as provided herein.  All disputes shall be referred to the Hong Kong International Arbitration Centre for final and binding resolution under its rules and shall be held in Hong Kong by an arbitration board consisting of three arbitrators.  Each party shall appoint one arbitrator and the two appointed arbitrators shall appoint a third arbitrator who shall serve as the chairman of the arbitration board.  Each arbitrator shall be experienced in the sapphire production industry.  Each party consents to service of process with respect to any such dispute by any method of notice specified herein.  The decision of a majority of the arbitrators shall be final and binding on the parties, may be enforced by any court of competent jurisdiction and cannot be the subject of any appeal.  The arbitrators shall not have the authority to award punitive or special damages (including any lost profits) and awards shall be consistent with the limitations on liability set out in this Agreement.  In the absence of a contrary ruling by the arbitrators, each party shall pay its own costs and fees in connection with the arbitration.

[3]     The agreement permits "other formal proceedings to the extent necessary in order to avoid the expiration of any applicable limitations period, or as provided herein."  Paragraph 24.3.  Paragraph 25 permits actions for injunctive relief in

While the facts could have been more fully developed, it is, nevertheless, plain that Hong Kong Juno, with reasons, sought "further assurances" of ARC's continuing ability to deliver conforming goods under the agreement and that a genuine dispute arose as to the "reasonableness" of its request of ARC to "take . . . additional actions" to satisfy Hong Kong Juno's concern about a potential anticipatory breach of the agreement's delivery requirements.  That dispute falls squarely within the mediation (Paragraph 24.2) and arbitration (Paragraph 24.3) provisions and entitles Hong Kong Juno to the resolution procedures described in the agreement.  ARC's contention that mediation would be "premature" because it is willing to talk is not persuasive.  ARC is free to present its positions and arguments regarding what constitutes a reasonable request for further assurances during mediation, and, if necessary, arbitration.  But it cannot require continuous negotiation if, as is the case, Hong Kong Juno has expressed its dissatisfaction and demanded mediation.

The court finds that: 1) there is a written agreement between the parties to mediate and to arbitrate, and 2) the dispute (Hong Kong Juno's request for further assurances regarding ARC's ability to perform) falls squarely within the

---

limited circumstances, e.g., to enforce the terms of the agreements.

scope of the mediation/arbitration agreement.  See <u>Gove v. Career Systems Dev. Corp.</u>, 689 F.3d 1, 4 (1st Cir. 2012); see also <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 626 ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration") (quoting <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25 (1983).  To the extent ARC argues that allowing Hong Kong Juno to seek "further assurances" now with respect to its ability to deliver systems that meet contractual specifications later would undermine other contractual provisions setting dates by which performance must be met is an issue that, itself, is subject to mediation and arbitration under the agreement — for it directly relates to the proper scope of the mediation/arbitration clauses.

<u>Hong Kong Juno Did Not Waive its Contractual Right to Mediation/Arbitration</u>

Finally, ARC says that by filing suit in the form it did — seeking to enforce the mediation/arbitration agreement, but also seeking alternative relief, should it fail to obtain an order to compel — Hong Kong Juno waived its contractual right to have disputes under the agreement resolved through non-binding mediation and, if necessary, binding arbitration.

The court of appeals has "'repeatedly held that a party may, by engaging in litigation, implicitly waive its contractual right to arbitrate.'"  Creative Solutions Group, Inc. v. Pentzer Corp., 252 F.3d 28, 32 (1st Cir. 2001) (quoting Navieros Inter-Americanor v. N/V Vasilla Express, 120 F.3d 304, 316 (1st Cir. 1997).  But, to prevail, the party asserting waiver must show prejudice.  Id.; Menorah Ins. Co. Ltd. v. INX Reinsurance Corp., 72 F.3d 218, 221 (1st Cir. 1995).

The factors to be considered in determining whether a waiver has occurred include whether the party has participated in litigation or taken other action inconsistent with his contractual arbitration rights; whether the "litigation machinery has been substantially invoked and the parties were well into litigation efforts before an intention to arbitrate was communicated"; whether there was "a long delay" in seeking enforcement of the right to arbitrate; whether judicial discovery procedures not available in arbitration have been employed; and whether the party asserting waiver was misled or prejudiced by any delay.  Creative Solutions, 252 F.3d. at 32 (quotation omitted).

None of the relevant factors counsels in favor of finding a waiver by Hong Kong Juno.  The litigation was initiated for the

principal purpose of <u>enforcing</u> the mediation and arbitration provisions.  ARC was hardly misled or prejudiced — it cannot possibly have thought Hong Kong Juno had embarked upon a litigation strategy in lieu of arbitration.  The suit is in <u>aid of</u>, not inconsistent with, Hong Kong Juno's arbitration rights.  The litigation machinery has hardly been "substantially invoked" — a motion to compel was heard and no other activity of substance has occurred (except that generated by ARC itself — <u>e.g.</u>, filing counterclaims, etc.).  There has been no delay in seeking arbitration — as is self-evident from the nature of the suit to compel arbitration (and, indeed, ARC's own claim that mediation is "premature").

    This is simply not a case in which waiver can be found on any reasonable grounds — unless it can be said that instituting litigation to compel contractual arbitration rights can somehow operate to waive those very rights.  Under this agreement, and under these circumstances, it is plain that Hong Kong Juno has not waived its contractual rights to mediation and, if necessary, arbitration of disputes arising under or related to the agreement.[4]

---

[4] The parties do not suggest that Hong Kong law, which controls, would lead to any difference in result and the court assumes that to be the case.

## Conclusion

ARC is hereby ordered to mediate the pending dispute between the parties related to the further assurances requested by Hong Kong Juno under the agreement, in accordance with the terms of the agreement.  See 9 U.S.C. § 4.  The case is stayed.  The Clerk shall administratively close the case, subject to reopening at the request of either party, as appropriate, following mediation and/or arbitration.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 18, 2013

cc:  R. Matthew Cairns, Esq.
     Peter S. Cowan, Esq.
     Peter Santos, Esq.